W. J. CAGILL *v.* OSCAR WOOLDRIDGE *et al.*

ACTION OF REPLEVIN. *Comity of States. Receiver. Attachment.* Where the court of a sister State, having jurisdiction of the parties and subject matter, and having the property within its actual control, appoints a receiver to take possession of and sell the property, and this · order is executed by the property being actually taken into possession by the receiver, this will give to him against the parties to the litigation, and those claiming through them, a special property and right of possession that will enable him to maintain an action of replevin, and that right will not be lost by sending the property to this State for sale; to this extent, this court will respect the order and judgments of the courts of sister States. The receiver can, in such case, maintain the action in his individual capacity to recover the property from an attaching creditor in this State, notwithstanding he may have failed until afterward to qualify and give the bond as such.

FROM SHELBY.

Appeal from the Circuit Court. J. HALSEY, Judge.

G. W. WINCHESTER for plaintiff.

Cagill *v.* Wooldridge.

GANTT, PATTERSON & LOWE and BROWN & LYLES for defendant.

MCFARLAND, J., delivered the opinion of the court.

Toof, Philips & Co. caused fourteen bales of cotton to be attached as the property of R. E. Treviathen, by process from the Second Circuit Court of Shelby county. Shane, Harris & Co. brought an action of replevin to recover the property from the sheriff. Afterward W. J. Cagill was substituted as plaintiff, and Toof, Philips & Co. as defendants in the action, and the cause was subsequently revived against Wooldridge & Oliver, assignees of Toof, Philips & Co. The trial resulted in a verdict and judgment for the defendants. The plaintiff has appealed in error.

The case which the plaintiff insists was made by the proof is, in brief, that in certain litigation in the State of Arkansas, in which said Treviathen was a party defendant, the details of which need not be set out, the plaintiff, Cagill, was appointed receiver of certain property and effects, and ordered to take the same into his possession, among other things the fourteen bales of cotton in controversy, and to sell said cotton, or to ship the same to Memphis or elsewhere for that purpose, and to hold the proceeds subject to the order of the court; that the appointment was made upon allegations in the pleadings giving the court power and jurisdiction to make the appointment ; that the cotton was then within the jurisdiction of the court in the State of Arkansas, and was actually

taken into possession by the plaintiff, Cagill, and shipped to Shane, Harris & Co. at Memphis for sale, where it was attached as the property of Treviathen by Toof, Philips & Co., as before stated.

The circuit judge charged the jury that "in order to entitle the plaintiff to recover, it is necessary that he shall have established some general or special property in the cotton in controversy; it is not sufficient for him merely to have established the fact that he was appointed receiver by the Chancery Court of Independence county, Arkansas, and came into possession of the cotton by virtue of such appointment, and if you find from the evidence that he has shown no other right to the property than as such receiver, and that the parties whom defendants represent, Toof, Philips & Co., were creditors of Treviathen, and attached the property in Memphis as the property of Treviathen, you will find for the defendant."

This was the entire charge, although further specific instructions were asked by the plaintiff's attorney. We think the charge is erroneous, and that the judgment must be reversed. It is true that if a receiver, appointed by the courts of another State, should, by virtue of such appointment, seek to recover in our courts property to which others had acquired rights here, the claim would not be enforced. That is, our courts would not in such a case lend their aid to enforce and carry out the order of the foreign court as to property within our jurisdiction. The right of the receiver as such could not be recognized in our courts. But where the court of a sister State, hav-

ing jurisdiction of the parties and subject matter, and having the property within its actual control, appoints a receiver to take possession of and sell the property, and this order is executed by the property being actually taken into possession by the receiver, we think beyond doubt this would give to the receiver against the parties to the litigation, and those claiming through them, a special property and right of possession that would enable him to maintain an action of replevin, and that this right would not be lost by sending the property to this State for sale. To this extent we would respect the orders and judgments of the courts of sister States. The receiver can, in such case, maintain the action in his individual capacity. See *Graydow* v. *Church*, 3 Michigan. We do not think the authorities referred to by the counsel for the defendants establish a contrary doctrine. Of course we decide nothing as to the other questions argued, or as to whether the proof sustains the plaintiff's case.

The charge being erroneous upon the material question, the judgment must be reversed.

Petition to rehear:

A petition to rehear has been filed, in which we are earnestly asked to examine the briefs and authorities submitted by the defendants' counsel upon the original argument, which it is supposed we have heretofore overlooked, and to reconsider the questions involved.

It is said we have misapprehended the meaning of his honor, the circuit judge, in his charge to the

jury, which is set out *verbatim* in the original opinion. It is said the record shows that the plaintiff, Cagill, had not given bond and qualified as receiver at the time of the seizure of the cotton in controversy, and that the charge should be construed to mean that if Cagill obtained possession of the cotton in the State of Arkansas by virtue alone of his appointment as receiver, that this would not give him such a property or right of possession as to enable him to maintain the action, but that if the possession was obtained by virtue of his appointment and qualification as receiver, then his honor did not say that the plaintiff might not recover. In other words, that the circuit judge meant that the failure of the plaintiff to qualify and give bond as receiver was the fatal objection to his recovery.

We think the charge is not susceptible of this construction, and if there were any doubt of it that doubt will be removed by an examination of propositions which the counsel of the plaintiff requested the judge to give, and which were refused; and besides, if the charge were susceptible of the construction contended for, we think it would still be erroneous. We hold that if the record shows that the cotton was owned by Treviathen, and was at the time in the State of Arkansas, and in the proceeding referred to was directly made the subject matter in part of the litigation, and Cagill was duly appointed receiver to take the cotton into possession, and ordered to sell it, or to send it to Memphis for the purpose, and the arties ordered to turn the cotton over to him, and

Cagill *v.* Wooldridge.

in obedience to the order and by virtue thereof the parties to the litigation actually delivered him the cotton as receiver, and he so accepted it, and in obedience to the order the cotton was sent to Memphis, then Cagill's special property and right of possession was sufficient to enable him to maintain the action, notwithstanding he may have failed until afterward to qualify and give the bond.

If the order of the court forbade Cagill from taking possession of the cotton until he qualified and gave bond, and in violation thereof, and without the consent of the parties, he did take possession, the case would be different. In such case his possession would not be rightful until he complied with the order of the court. The order, which appears in the record, directs the bond to be given and presented at the next term of the court for approval, but if Cagill took possession under the order before this bond was given (which is not in terms forbidden), and this was directly assented to by all the parties in interest, neither they or Cagill could deny his character, nor could third parties take advantage of this irregularity. It is said that the statutes of Arkansas require receivers to be sworn, and to give bond, before entering upon their duties. Whether the order of the court in that State was in obedience to the law or not, it is still a judgment which we must respect; and besides, we think if the parties to the litigation waive this requirement and suffer the receiver to act without such qualification, that no one else could com-

Cagill *v.* Wooldridge.

plain.     Of course we express no opinion as to the facts.

Again, it is supposed that we have overlooked the distinction between actions of trespass on trover and replevin.    It is argued that replevin cannot be maintained when the plaintiff only shows that he had possession, without showing that he had a right to the possession.    We do not hold that the plaintiff could maintain the action to recover back property the possession of which he had held wrongfully.    We put the decision upon the ground that upon the state of facts contended for by the plaintiff, he had special property in and a present right of possession of the cotton against the defendants.

We have examined the authorities referred to, but it would extend this opinion to an immeasurable length to undertake to comment upon them, but we think they are not opposed to the conclusions we have reached.

The petition will be dismissed.